UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 11-2 (SRN/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| 02- Kelvin Vasquez, | |
| Defendant. | |

Jeffrey S. Paulsen, Assistant United States Attorney, for Plaintiff.
George R. Dunn for Defendant.

**THIS MATTER** came before the undersigned United States Magistrate Judge on February 9, 2011 on Defendant's Motion to Suppress Statements (ECF No. 57), Defendant's Motion to Suppress Physical Evidence (ECF No. 58), and Defendant's Motion to Suppress Identifications (ECF No. 59.). At the hearing, the Court received testimony from Francisco Ortiz, and the Government submitted two exhibits into evidence. Government Exhibit 1 is a one page, signed advice of rights form. Government Exhibit 2 is a CD labeled "Vasquez Interview: 12-10-10."

The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, the Court recommends Defendant's motions be **DENIED**.

## I.   FINDINGS OF FACT

**A.   Testimony of Officer Francisco Ortiz**

At the hearing, St. Paul Police Officer Francisco Ortiz testified that on December 10, 2010,

he participated in the interview of Defendant following his arrest. Officer Ortiz served as an interpreter in that interview. Officer Ortiz is a native Spanish speaker who completed his education in Mexico, including a college degree in Spanish literature. Officer Ortiz has no training in translation, but interprets between Spanish and English every day as part of his work as a St. Paul police officer.

Officer Ortiz testified that at the time of Defendant's interview there was no Spanish version of the advice of rights form available, so an English version of the form was used. Officer Ortiz first asked Defendant in Spanish for biographical information including his full name, age, date of birth, phone number, and employment. Officer Ortiz testified that he had to repeat some of the biographical questions, but that Defendant responded appropriately to those questions. Officer Ortiz then read the first paragraph of the advice of rights form, admitted as Government Exibit 1, to Defendant in Spanish. (*See* Govt. Ex. 1.) Officer Ortiz informed Defendant that he had the following rights against self-incrimination and asked him to indicate whether he understood each statement, and if he did, to initial each statement. (Id.) Officer Ortiz then read each of the four rights to Defendant in Spanish. After reading each right, Officer Ortiz asked Defendant if he understood, and Defendant stated that he did. Defendant then initialed the line following each of the four rights on the form. (*See* Id.) Officer Ortiz then read the last paragraph, which states that Defendant heard and understood each of his rights, to Defendant in Spanish. Defendant then signed the bottom of the advice of rights form. (*See* Id.)

Officer Ortiz then interpreted the interview between Defendant and Officer Holter. Officer Ortiz testified that no one made any threats or promises to Defendant during the interview. He further testified that Defendant never requested a lawyer or for the interview to end.

## II.   CONCLUSIONS OF LAW

**A.   Defendant's Motion to Suppress Statements Should Be Denied.**

Defendant contends that his statement from December 10, 2010 should be suppressed because the government has failed to show that he understood and waived his rights.

In order for evidence obtained as a result of custodial interrogation to be used against a defendant at trial, the Fifth Amendment requires that law enforcement advise the individual of his constitutional rights and that he make a valid waiver of those rights. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). Before questioning begins, a suspect in custody must be informed of the following: (1) that he has the right to remain silent; (2) that his statements may be used against him in a court of law; (3) that he has the right to an attorney; and (4) that if he cannot afford an attorney, one will be appointed. *Id.* at 444, 469–70, 478–79. Law enforcement officials must use either this formulation of the warnings or "other procedures [that] are at least as effective in apprising accused persons of their right of silence and in assuring a continuous opportunity to exercise it." *Id.* at 467. After the warnings are given, if the suspect indicates that he wishes to assert these rights, the interrogation must stop. *Id.* at 473–74. Statements elicited from a suspect in violation of *Miranda* are inadmissible. *Stansbury v. California*, 511 U.S. 318, 322 (1994).

Once advised of his *Miranda* rights, a suspect's waiver of his Fifth Amendment privilege against self-incrimination is only valid if it is voluntarily, knowingly, and intelligently made. *Miranda*, 384 U.S. at 444; *United States v. Syslo*, 303 F.3d 860, 866 (8th Cir. 2002); *see also Berghuis v. Thompkins,* 130 S. Ct. 2250, 2260 (2010). A waiver is made knowingly if it is "made with a full awareness of both the nature of the right being abandoned and the consequences of the

decision to abandon it." *Moran v. Burbine*, 475 U.S. 412, 421 (1986).  It is voluntary if it is "the product of a free and deliberate choice rather than intimidation, coercion, or deception." *Id*.  It is the Government's burden to show that the suspect's waiver meets these standards.  *Miranda*, 384 U.S. at 475.

In order to invoke one's Fifth Amendment right to counsel, a suspect must do so unambiguously. *Thompkins*, 130 S. Ct. at 2259-2260 ("If an accused makes a statement concerning the right to counsel 'that is ambiguous or equivocal' or makes no statement, the police are not required to end the interrogation, or ask questions to clarify whether the accused wants to invoke his or her *Miranda* rights."), citing *Davis v. United States*, 512 U.S. 452, 461–62 (1994).

Similarly, a suspect's invocation of the right to silence must be unambiguous. *See Thompkins*, 130 S. Ct. at 2260 ("Thompkins did not say that he wanted to remain silent or that he did not want to talk with the police. Had he made either of these simple, unambiguous statements, he would have invoked his right to cut off questioning . . . . Here he did neither, so he did not invoke his right to remain silent.") (quotation omitted); *United States v. Ferrer-Montoya*, 483 F.3d 565, 569 (8th Cir. 2007) ("Indirect, ambiguous, and equivocal statements or assertions of an intent to exercise the right to remain silent are not enough to invoke that right for the purposes of *Miranda*."). "Where the prosecution shows that a *Miranda* warning was given and that it was understood by the accused, an accused's uncoerced statement establishes an implied waiver of the right to remain silent." *Thompkins*, 130 S. Ct. at 2261 (citations omitted) ("If the State establishes that a *Miranda* warning was given and the accused made an uncoerced statement, this showing, standing alone, is insufficient to demonstrate 'a valid waiver' of *Miranda* rights . . . The prosecution must make the additional showing that the accused understood these rights.")

It appears to the Court that Defendant understood and waived his *Miranda* rights. Officer Ortiz read the advice of rights form in its entirety to Defendant in Spanish. After Officer Ortiz read each of the rights, Defendant responded that he understood and initialed the line on the form following that right. (*See* Govt. Ex. 1.) Defendant then signed the bottom of the form to indicate that the above rights had been read to him and that he understood them. (*See* Govt. Ex. 1.) Officer Ortiz testified that no one made any threats or promises to Defendant to induce to him to waive his rights. Officer Ortiz further testified that at no point during the interview did Defendant request an attorney or that the interview end.

Based upon the foregoing, the Court finds that Defendant knowingly and voluntarily waived his *Miranda* rights on December 10, 2010. Consequently, Defendant's statement is admissible and Defendant's Motion to Suppress Statements should be denied.

**B.     Defendant's Motion to Suppress Physical Evidence Should Be Denied**

The Government stated at the hearing that the only physical evidence seized from Defendant was his cell phone, which was seized incident to his arrest. Law enforcement need not have a warrant to conduct a search incident to a lawful arrest. *Arizona v. Gant*, 129 S. Ct. 1710, 1716 (2009). It appears to the Court that this motion is moot in light of the agreement between Defendant and the Government that there was probable cause for Defendant's arrest. Defendant's Motion to Suppress Physical Evidence should be denied as moot.

**C.     Defendant's Motion to Suppress Identifications Should Be Denied as Moot**

The Government has indicated that no identification procedures were used with respect to Defendant. Thus, Defendant's Motion to Suppress Identifications should be denied as moot.

### III.   RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's motions be **DENIED** as follows:

1)    Defendant's Motion to Suppress Statements (ECF No. 57) should be **DENIED**.

2)    Defendant's Motion to Suppress Physical Evidence (ECF No. 58) should be **DENIED as moot.**

3)    Defendant's Motion to Suppress Identifications (ECF No. 59) should be **DENIED as moot**.

DATED: February 17, 2011               *s/ Franklin L. Noel*
                                       FRANKLIN L. NOEL
                                       United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **March 3, 2011**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **March 3, 2011,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.